UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

CLARENCE ROBINSON, JR.

CRIMINAL

NO. 20-26-JWD-EWD

### RULING AND ORDER

This matter is before the Court on the Motion to Vacate under 28 U.S.C. § 2255 filed by Defendant Clarence Robinson, Jr. (Doc. 63.) It is opposed by the Government. (Doc. 69.) No reply was filed, and oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's motion is denied.

**I.     RELEVANT BACKGROUND AND PARTIES' ARGUMENTS**

Defendant admitted to violating three conditions of his supervised release. (Doc. 42 at 1.) He was sentenced to a total term of thirty-six (36) months imprisonment, with no supervision to follow. (*Id.* at 2.)

Robinson appealed. (Doc. 44.) The Fifth Circuit found that the appeal presented no nonfrivolous issues for review, so the appeal was dismissed. (Doc. 62 at 5.)

Defendant then filed the instant motion. (Doc. 63.) His sole argument is that the Court should vacate the judgment of revocation because of President Joseph R. Biden's proclamation pardoning those convicted of simple possession of marijuana. (*Id.* at 2.)

The Government opposes on a number of grounds. (Doc. 69.) First, the Government says that Defendant's claim for relief is not cognizable under § 2255 because (a) he has no constitutional right to a pardon; (b) a clemency or pardon is not a "collateral attack" recognized by § 2255; and

1

(c) separation-of-powers issues give the President exclusive control here, like expungements, about which the Fifth Circuit has expressed "grave doubts" over Article III jurisdiction. (*Id.* at 4–7 (citations omitted).) Second, on the merits, the presidential proclamation applied only to offenses under 21 U.S.C. § 844(a), not violations of supervised release under 18 U.S.C. § 3583(e)(3). (*Id.* at 7–9.) And third, "Robinson has not shown prejudice," as the pardon only affects one of the three violations he committed, so it is not clear his sentence would be different even with the pardon. (*Id.* at 9–10.)

II.  **DISCUSSION**

The Court need not explore the various issues raised by the parties. Since this motion was briefed, Defendant completed his sentence. He is no longer in custody and is serving no term of supervised release. As a result, this case is moot. *See Forshee v. United States*, No. 1:95CR032-GHD, 2008 WL 4663156, at *2 (N.D. Miss. Oct. 17, 2008) ("Petitioner, however, was released from confinement on September 10, 2008. His release renders the instant § 2255 action moot."); *United States v. Warner*, No. 304-CV-1767-H, 2007 WL 708870, at *1 (N.D. Tex. Mar. 7, 2007) ("movant's release from incarceration has rendered the instant motion to vacate filed pursuant to 28 U.S.C. § 2255 . . . moot."); *see also United States v. Hardy*, 545 F.3d 280, 284 (4th Cir. 2008) ("courts considering challenges to revocations of supervised release have universally concluded that such challenges also become moot when the term of imprisonment for that revocation ends." (citing *United States v. Duclos,* 382 F.3d 62 (1st Cir. 2004); *United States v. Kissinger,* 309 F.3d 179 (3d Cir. 2002); *United States v. Meyers,* 200 F.3d 715 (10th Cir. 2000); *United States v. Probber,* 170 F.3d 345 (2d Cir. 1999)); *United States v. Julian*, 751 F. App'x 378, 380 (4th Cir. 2018) ("Because Julian has fully served his sentence and is no longer on supervised release, there is no longer an actual case or controversy between the parties as to the validity of the sentence."

(citing *Hardy*, 545 F.3d at 283)); *Wyckoff v. United States*, No. 1:12CR15, 2021 WL 3891080, at *2 (N.D.W. Va. Aug. 31, 2021) (relying on *Hardy* and *Julian* and reaching same result).

Indeed, the case would be moot even if Defendant was entitled to a pardon. *See United States v. Surratt*, 855 F.3d 218, 219 (4th Cir. 2017) (en banc) (denying as moot, based on presidential pardon, reconsideration of initial panel decision affirming district court decision that it lacked jurisdiction under § 2255(e) to consider defendant's § 2251 petition). Consequently, there is no longer any controversy, and Defendant's motion will be denied as moot.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's § 2255 motion (Doc. 63) is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to mail Defendant a copy of this Order by any receipted means at the address indicated in his most recent filing.

Signed in Baton Rouge, Louisiana, on June 4, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**